+UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **SUGARTOWN UNITED PENTECOSTAL CHURCH, INC.,**<br>Plaintiff | **CIVIL ACTION NO.:**   2:21-CV-01672<br><br>**DISTRICT JUDGE: JAMES D. CAIN, JR.** |
| v. | |
| **CHURCH MUTUAL INSURANCE COMPANY,**<br>Defendant | |

## ANSWER AND AFFIRMATIVE DEFENSES

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Church Mutual Insurance Company, who answers the Complaint filed against it and asserts the following Affirmative Defenses.

1.

The allegations set forth in Paragraph I of the Complaint are denied. Further, Plaintiff did not make an insurance claim in relation to Hurricane Delta.

2.

The allegations set forth in Paragraph II of the Complaint are denied for lack of information sufficient to justify a belief therein, except it is admitted that Sugartown Pentecostal Church is located in Beauregard Parish, Louisiana.

3.

The allegations set forth in Paragraph III of the Complaint concerning Defendant's status and domicile are admitted.

4.

The allegations set forth in Paragraph IV of the Complaint concerning Defendant's status are admitted.

5.

The allegations set forth in Paragraph V of the Complaint concerning diversity of citizenship are admitted. It is denied that Plaintiff's claims and damage exceed $75,000.

6.

The allegations set forth in Paragraph VI of the Complaint are denied as written; however, it is admitted that Defendant issued a policy of insurance to Plaintiff.

7.

The allegations set forth in Paragraph VII of the Complaint concern venue. It is admitted that this Court presides over Beauregard Parish, in which Sugartown Pentecostal Church is located.

8.

Paragraph VIII of the Complaint improperly sets forth proposed legal conclusions. Defendant admits only that it issued Policy No. 0138652-02-081390 to Sugartown United Pentecostal Church, Inc., with a Policy Period of 01/23/20 to 01/23/23. The policy of insurance is in writing, which is the best evidence of its contents. All terms, conditions, provisions, limitations, and exclusions contained in the policy are affirmatively pled as of a copy of the policy was set forth in full herein.

9.

Paragraph IX of the Complaint improperly sets forth proposed legal conclusions. Defendant admits only that it issued Policy No. 0138652-02-081390 to Sugartown United

Pentecostal Church, Inc., with a Policy Period of 01/23/20 to 01/23/23. The policy of insurance is in writing, which is the best evidence of its contents. All terms, conditions, provisions, limitations, and exclusions contained in the policy are affirmatively pled as of a copy of the policy was set forth in full herein.

10.

Paragraph X of the Complaint improperly sets forth proposed legal conclusions. Defendant admits only that it issued Policy No. 0138652-02-081390 to Sugartown United Pentecostal Church, Inc., with a Policy Period of 01/23/20 to 01/23/23. The policy of insurance is in writing, which is the best evidence of its contents. All terms, conditions, provisions, limitations, and exclusions contained in the policy are affirmatively pled as of a copy of the policy was set forth in full herein.

Further, Plaintiff did not make an insurance claim in relation to Hurricane Delta.

11.

Paragraph XI of the Complaint improperly sets forth proposed legal conclusions. Defendant admits only that it issued Policy No. 0138652-02-081390 to Sugartown United Pentecostal Church, Inc., with a Policy Period of 01/23/20 to 01/23/23. The policy of insurance is in writing, which is the best evidence of its contents. All terms, conditions, provisions, limitations, and exclusions contained in the policy are affirmatively pled as of a copy of the policy was set forth in full herein.

12.

Paragraph XII of the Complaint improperly sets forth proposed legal conclusions. Defendant admits only that it issued Policy No. 0138652-02-081390 to Sugartown United Pentecostal Church, Inc., with a Policy Period of 01/23/20 to 01/23/23. The policy of insurance

is in writing, which is the best evidence of its contents. All terms, conditions, provisions, limitations, and exclusions contained in the policy are affirmatively pled as of a copy of the policy was set forth in full herein.

13.

The allegations set forth in Paragraph XIII of the Complaint are denied for lack of information sufficient to justify a belief therein.

14.

The allegations set forth in Paragraph XIV of the Complaint are denied for lack of information sufficient to justify a belief therein.

Further, Plaintiff did not make an insurance claim in relation to Hurricane Delta.

15.

The allegations set forth in Paragraph XV of the Complaint are denied for lack of information sufficient to justify a belief therein.

16.

The allegations set forth in Paragraph XVI of the Complaint are denied as written.

Further, Plaintiff did not make an insurance claim in relation to Hurricane Delta.

17.

The allegations set forth in Paragraph XVII of the Complaint are denied as written. Specifically, the policy of insurance contains terms, conditions, provisions, limitations, and exclusions that pertain to this matter but are not cited by Plaintiff. It is admitted that Plaintiff made a Hurricane Laura claim. It is denied that Plaintiff made a Hurricane Delta claim.

18.

The allegations set forth in Paragraph XVIII of the Complaint are denied for lack of information sufficient to justify a belief therein. Further, Defendant denies that damages are due to Plaintiff.

19.

The allegations set forth in Paragraph XIX of the Complaint are denied as written.

Further, Plaintiff did not make an insurance claim in relation to Hurricane Delta.

It is admitted that an independent adjuster inspected Plaintiff's property on September 23, 2020, in relation to Hurricane Laura. Hurricane Delta had not occurred as of September 23, 2020. The inspection was originally scheduled to take place earlier, but it was rescheduled at the request of Plaintiff.

The estimate prepared by the Independent Adjuster contained an Actual Cash Value amount of $14,857.00. The policy of insurance issued to Plaintiff does not provide for payment at Replacement Cost Value. The policy of insurance issued to Plaintiff sets forth a deductible of $10,000 for windstorm claims for the Church Building. The policy also contains terms requiring reduction of payment for depreciation.

20.

The allegations set forth in Paragraph XX of the Complaint are denied as written. Specifically, Defendant issued payment to Plaintiff in the amount of $4,138.78, which was after deduction of deductible and depreciation. The applicable deductible was $10,000.

The payment of $1,700 was issued in error.

21.

The allegations set forth in Paragraph XXI of the Complaint are denied as written. The Claim Notes in this matter first show Plaintiff being represented by counsel as of May 25, 2021. For clarification, the May 11, 2021 date was the date of a letter. Additionally, the payment of $1,700 was issued in error.

22.

Concerning the allegations set forth in Paragraph XXII of the Complaint, Defendant avers that it received a report on or about May 26, 2021 from counsel for Plaintiff. It is denied that the report presented damages covered under the policy of insurance issued by Defendant to Plaintiff.

23.

The allegations set forth in Paragraph XXIII of the Complaint are denied.

24.

The allegations set forth in Paragraph XXIV of the Complaint are denied.

25.

The allegations set forth in Paragraph XXV of the Complaint are denied. Specifically, on or about May 26, 2021 and May 30, 2021 and June 16, 2021 Defendant was in the process of scheduling an inspection of the property. Specifically, on June 16, 2021, counsel for Plaintiff e-mailed Defendant with an inspection date.

**AFFIRMATIVE DEFENSES**

No. 1

Plaintiff has no cause of action and / or no right of action against Defendant.

No. 2

Plaintiff did not make an insurance claim in relation to Hurricane Delta.

No. 3

Plaintiff did not and has not provided Defendant with satisfactory proof of loss of covered damages in excess of the amount already paid by Defendant to Plaintiff.

No. 4

Some of the property damage claimed by Plaintiff was not caused by Hurricane Laura. It was pre-existing. Additionally, interior damage claimed by Plaintiff did not have corresponding exterior roof damage. Therefore, the interior damage was not caused by Hurricane Laura.

No. 5

The coverage determination made by Defendant has a fair and reasonable basis.

No. 6

Defendant took no actions that were in bad faith. Defendant did not breach any duty of good faith. Defendant did not breach any duty of fair dealing. Defendant did not breach La. Rev. Stat. 22:1973. Defendant did not breach La. Rev. Stat. 22:1892.

No. 7

Defendant did not breach any of the terms of the contract of insurance issued to Plaintiff.

No. 8

Defendant did not act negligently.

No. 9

There was a period(s) of time in which Plaintiff was not responsive to Defendant, thereby Plaintiff's inaction delayed resolution of the Hurricane Laura claim.

No. 10

Defendant issued Policy No. 0138652-02-081390 to Sugartown United Pentecostal Church, Inc., with a Policy Period of 01/23/20 to 01/23/23. The policy of insurance is in writing, which is the best evidence of its contents. All terms, conditions, provisions, limitations, and exclusions contained in the policy are affirmatively pled as of a copy of the policy was set forth in full herein.

The policy of insurance issued by Defendant to Plaintiff provides, in part:

**CAUSES OF LOSS – BROAD FORM**

A. COVERED CAUSES OF LOSS

When Broad is shown in the Declarations Page, Covered Causes of Loss means the following:

… .

4. Windstorm or Hail, but not including:

a. Frost or cold weather;

b. Ice (other than hail), snow or sleet, whether driven by wind or not; or

c. Loss or damage to the interior of any building or structure, or the property inside the building or structure, caused by rain, snow, sand, or dust, whether driven by wind or not, unless the building or structure first sustains wind or hail damage to its roof or walls through which the rain, snow, or dust enters.

… .

**LIMITATIONS ON COVERAGE FOR ROOF SURFACING**

… .

A. The following applies with respect to loss of damage by a Covered Cause of Loss (including wind and hail if covered) to a building or structure identified in the Schedule as being subject to this Paragraph A.:

> Replacement Cost coverage (if otherwise applicable to such property) does not apply to roof surfacing. Instead, we will determine the value of foor surfacing at actual cash value as of the time of loss or damage.
>
> B. The following applies with respect to loss or damage by wind or hail to a building or structure identified in the Schedule as being subject to this Paragraph B.:
>
> We will not pay for cosmetic damage to roof surfacing caused by wind and / or hail. For the purpose of the endorsement, cosmetic damage means, pitting, or other superficial damage that altered the appearance of the roof surfacing, but such damage does not prevent the roof from continuing to function as a barrier to entrance of the elements to the same extent as it did before the cosmetic damage occurred.
>
> C. For purposes of this endorsement, roof surfacing refers to the shingles, tiles, cladding, metal, or synthetic sheeting or similar materials covering the roof and includes all materials used in securing the roof surface and all materials applied to or under the roof surface for moisture protection, as well as roof flashing.

The policy of insurance issued to Plaintiff provides for payment of Actual Cash Value, less deductible and depreciation, when damages are covered under the policy, and not Replacement Cost Value.

## No. 11

In relation to Hurricane Laura, Defendant issued payment to Plaintiff in the amount of $4,138.78, which was after deduction of deductible and depreciation. The applicable deductible for the Church Building was $10,000, pursuant to the Property Coverage Part Declarations for Windstorm or Hail.

Other deductibles apply to other structures / property.

A payment of $1,700 was issued in error.

## No. 12

As of May 2021, Plaintiff had not begun repair of the Hurricane Laura damage.

No. 13

The letter of representation prepared by counsel for Plaintiff references one date of loss – that of August 27, 2020. This supports the fact that Plaintiff did not make a Hurricane Delta claim.

No. 14

The report provided by counsel for Plaintiff on or about May 26, 2021 did not present damages covered under the policy of insurance issued by Defendant to Plaintiff in excess of the damages previously paid by Defendant.

No. 15

The independent adjuster inspected Plaintiff's property on September 23, 2020, in relation to Hurricane Laura. Hurricane Delta had not occurred as of September 23, 2020.

No. 16

The Claim Notes in this matter first show Plaintiff being represented by counsel as of May 25, 2021.

No. 17

On or about May 26, 2021 and May 30, 2021 and June 16, 2021 Defendant was in the process of scheduling an inspection of the property. Specifically, on June 16, 2021, counsel for Plaintiff e-mailed Defendant with an inspection date. Thus, investigation by Defendant was ongoing.

No. 18

The only area of the Church where the roof was penetrated was the assembly hall area.

No. 19

The damages alleged by Plaintiff that are outside of the Actual Cash Value amount of $14,857.00, less deductible and depreciation, for a total of: $4,138.78 are not afforded coverage under the policy of insurance issued to Plaintiff by Defendant.

Those additional damages alleged by Plaintiff are disputed. They were pre-existing, and / or were caused by other events or sources such as defective construction, poor maintenance, defective materials, differential movement, and / or thermal expansion. They are otherwise excluded from coverage.

Defendant reserves the right to supplement and / or amend this Answer and these Affirmative Defenses as additional information is made known.

Respectfully submitted:
BEAHM & GREEN

/s/ Laken N. Davis
**DANIEL A. WEBB (# 13294)**
**LAKEN N. DAVIS (#33796)**
145 Robert E. Lee Blvd.
Suite 400
New Orleans, Louisiana 70124
Phone: (504) 288-2000
Fax:    (504) 288-2099
E-mail: dwebb@beahm.com
E-mail: ldavis@beahm.com

**COUNSEL FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that I am electronically filing the foregoing with the Clerk of this Court by using the CM / ECF system, which will send an electronic notice of this filing and an electronic copy of this document to all counsel / parties of record, this 15TH Day of July, 2021.

/s/ Laken N. Davis