UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **SUGARTOWN UNITED PENTECOSTAL CHURCH INC** | **CASE NO.  2:21-CV-01672** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CHURCH MUTUAL INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion for Partial Summary Judgment" (Doc. 21) wherein Defendant Church Mutual Insurance Company ("Church Mutual") moves to dismiss all claims concerning Hurricane Delta pursuant to Rule 56 of the Federal Rules of Civil Procedure. Also, before the Court is "Plaintiff's Motion for Leave to Amend Its Complaint" (Doc. 27) which is opposed by Church Mutual.

## FACTUAL STATEMENT

Plaintiff, Sugartown United Pentecostal Church, Inc (the "Church") made no claims for damages as a result of Hurricane Delta.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW AND ANALYSIS**

Church Mutual moves to dismiss all causes of action concerning Hurricane Delta. Church Mutual submits as summary judgment evidence, the Church's corporate representative's deposition, who testified that the Church made no claim for damages as a

result of Hurricane Delta.[1] Plaintiff has not submitted any evidence otherwise.[2] Accordingly, any claims alleged in Plaintiff's complaint for damages as a result of Hurricane Delta will be dismissed with prejudice.

Also, before the Court is Plaintiff's Motion for Leave to Amend Its Complaint wherein Plaintiff moves to remove from its original complaint, paragraphs 16 and 19, "to make clear that the benefits available to Plaintiff are on an actual cash value basis."[3] The amendment would also remove any Delta related claims.  However, Plaintiff suggests that summary judgment on this fact issue is not appropriate and requests that the Court deny Defendant's motion for summary judgment and grant Plaintiff's motion to amend.

As noted by Defendant, the very purpose of summary judgment is to dispose of issues when there is no dispute as the facts. The Court agrees and finds that there is no genuine issue of material fact for trial as to Plaintiff's Hurricane Delta claims.

## CONCLUSION

For the reasons set forth herein, the Motion for Partial Summary Judgment" (Doc. 21) will be granted and Plaintiff's Motion for Leave to Amend Its Complaint (Doc. 27) will be denied.

**THUS DONE AND SIGNED** in Chambers this 8th day of July, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[1] Defendant's exhibit A, Church corporate deposition, p. 55:12-19.
[2] See response to this motion wherein counsel states that "it mistakenly alleged that there was a Hurricane Delta and/or that Hurricane Delta damaged Plaintiff's property." p. 1, Doc. 26–1.
[3] Doc. 27-1, p. 1.