UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **SUGARTOWN UNITED PENTECOSTAL CHURCH INC** | **CASE NO. 2:21-CV-01672** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CHURCH MUTUAL INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion for Partial Summary Judgment" (Doc. 23) wherein Church Mutual Insurance Company ("Church Mutual") moves to dismiss all claims for contents (personal property), and Replacement Cost Value pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff filed a "deficient" response to this motion.[1] The Clerk of Court issued a Notice of Deficiency,[2] for failure to submit a statement of material facts. The Notice directed Plaintiff to submit a "Corrective Document" within 10 days from the date of the Notice, or July 7, 2022, and further warned that failure to file the statement of material facts would result in the document being stricken from the record. Plaintiff has not complied with the Notice and the time for doing so has now lapsed.

## FACTUAL STATEMENT

In its Statement of Uncontested Material Facts, Church Mutual asserts that "Plaintiff has not identified any contents claims,"[3] and the Church Mutual Policy issued to the Church does not provide for valuation at Replacement Cost Value ("RCV"). In its response

---

[1] Doc. 26.
[2] Doc. 8.
[3] ¶ 1, Doc. 23–4.

to the instant motion, Plaintiff concedes that the policy is an actual cash value ("ACV") policy and notes that Defendant does not point the Court to a claim in the complaint for which it can seek summary judgment.[4]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

---

[4] Response to Motion for Partial Summary Judgment, p. 2, Doc. 26-1. The Court will strike the response due to Plaintiff's failure to submit a Corrective Document that includes a statement of material facts.

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Church Mutual moves to dismiss Plaintiff's claims for contents and any claims for replacement cost value. Church Mutual maintains that the subject policy is an actual cash value ("ACV") policy and submits the policy of insurance which expressly states that is an ACV policy.[5] In response, Plaintiff has filed a motion for leave to amend complaint to make clear that the policy at issue is an actual cash value policy, and it is not seeking RCV.[6] Accordingly, any claims for actual cash value will be dismissed.

As to the contents' claims, Plaintiff has not submitted any summary judgment evidence and/or a computation of its claimed loss in its Initial Disclosures to support a claim for contents. Consequently, Plaintiff's contents' claim will be dismissed.

## CONCLUSION

For the reasons set forth herein, the Motion for Partial Summary Judgment (Doc. 23) will be granted and all claims for contents (personal property), and Replacement Cost

---

[5] Defendant's exhibit B.
[6] *Id.*; Doc. 27.

Value made by Sugartown United Pentecostal Church, Inc will be dismissed with prejudice. In addition, the Court will order that Plaintiff's Response to Defendant's Second Motion for Partial Summary Judgment (Doc. 26) be stricken from the record.

**THUS DONE AND SIGNED** in Chambers this 8th day of July, 2022.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE