UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| SUGARTOWN UNITED PENTECOSTAL CHURCH INC | CASE NO.  2:21-CV-01672 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| CHURCH MUTUAL INSURANCE CO | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

A jury trial of this matter was held from August 8, 2022 through August 11, 2022. The jury unanimously reached a verdict and found that an additional $223,825.91 was owed to Plaintiff, Sugartown United Pentecostal Church, Inc. (the "Church") by Defendant, Church Mutual Insurance Co, ("Church Mutual"). The jury found that Church Mutual failed to timely pay the initial payment of $4,138.78 and the additional payment of $223,825.91 within thirty days of satisfactory proof of loss and that such failure to timely pay was arbitrary, capricious and without probable cause.

The Court requested that the parties provide post-trial briefs concerning the calculation of the total award including attorney's fees, penalties, and costs. Considering the parties' post-trial briefs, the Court will assess the Final Judgment as follows, and will issue a separate Final Judgment.

*Penalties*

Louisiana Revised Statute 22:1892 mandates a 50 percent penalty as to any payment not made within 30 days after receipt of satisfactory proof of loss if such failure to pay was

arbitrary, capricious or without probable cause. Consequently, the Court calculates penalties as follows:

| | | |
|---|---|---|
| Initial payment | $4,138.78 X .50 = | $2,069.39 |
| Additional payment | $223,825.91 X .50 = | $111,912.96 |
| **TOTAL PENALTY** | | **$113,981.96** |

*Attorney fees*

Louisiana Revised Statute § 22:1892(B)(1)(a) provides that if the payments are found to be untimely and arbitrary, capricious and without probable cause, the Plaintiff is entitled to reasonable attorney fees and costs. Reasonable attorney fees can be calculated multiple ways and should be calculated on a case-by-case basis. The Court notes that attorney fees can be calculated based on the lodestar formula or based on a contingency fee, if applicable. Here, the Church executed a contract with its counsel based on a contingency fee of 33 1/3% of all sums, including additional sums owed and the penalties assessed.

The Court looks at each case separately and determines the reasonableness of attorney fees based on the facts and circumstances of each case. Part of this inquiry includes but is not limited to the complexity of the case, the extent of the litigation, the motion practice involved, the extent of discovery, and if the case was tried to verdict. The Court could and may under certain circumstances use a lodestar method of calculation.

As noted by counsel for the Church, this case was heavily litigated, numerous motions were filed which had to be defended, discovery was intense and numerous experts were obtained, deposed and testified at trial. *See Taylor v. Production Services, Inc. of*

*Mississippi*, 600 So.2d 63, 67 (La. 5/26/92); *see also Naquin v. Dep't of Transp. And Development of State of La.*, 604 So.2d 62.69 (La.App. 1 Cir. 6/2/92). The Court finds it reasonable to assess the attorney fees based on Plaintiff's counsel's contingency fee at 331/3% of all sums awarded, including additional damage awards and penalties.

*Costs*

Pursuant to Louisiana Revised Statute § 22:1892, the Church is also entitled to its costs for prosecuting this lawsuit. Counsel for the Church seeks and attaches a detailed list of costs for a total amount of $56,353.49. Church Mutual has traversed these costs and objects to any cost of a deposition or video that was incurred but not used at trial, any cost that did not include a supporting receipt, pacer charges, which allow one free view, any other cost not used at trial[1] and/or without a description and receipt, and an excessive amount ($399.94) for Zakon Process Service.[2] Church Mutual requests that the Court reduce the amount of costs by $18,262.70.[3]

The Court agrees that any deposition transcript cost not used at trial should not be a recoverable cost. Concerning the Zakon Process Services, the documents provide that on August 19, 2022, the Brasher Law Firm made a payment to Zakon for $399.94. Considering that this cost was in preparation for trial, it will be allowed. Church Mutual challenges the Church's costs for taking a deposition in person instead of by Zoom. The Court finds that counsel may choose to take an in-person deposition and as such will allow

---

[1] Overnight FedEx.
[2] Church Mutual notes that the original Complaint has a Zakon entry for 8-6-21 in the amount of $175.00, whereas the Church's counsel has listed an 8/19/2022 expense amount of $399.94.
[3] The Court has calculated the itemized costs and calculates Church Mutual's requested cost deductions as $18,262.70, not $17,155.20.

these costs. The Court further finds that any cost for Westlaw research in preparation for trial will be allowed, as well as pacer charges.

Regarding Church Mutual's assertion that receipts were not provided for certain costs and/or the costs were not properly identified, the Court permitted the Church to supplement the record with the receipts and a proper identification of which Church Mutual complains. Because these costs were in preparation for trial, and they have been identified with attached receipts, they will be allowed.

The Court finds that the following costs will be deducted from the total costs that the Church expended for the trial of this matter:

| | |
|---|---|
| * transcript costs for depositions or videos not used at trial | $5,296.70[4] |
| * PDDS Mediation cost | $ 635.31 |
| * FedEx | $ 28.54 |
| **TOTAL DEDUCTIONS FROM COSTS** | **$ 5,960.55** |

*Interest*

Interest will be calculated on the total award as of the date of the Final Judgment at the federal interest rate. 28 U.S.C.A § 1961; *See also Sher v. Lafayette Ins. Co.*, 988 So.2d 186 (La. 4/8/08).

## **CONCLUSION**

Based on the foregoing, the Court finds that the Church is entitled to the follow award:

---

[4] $702.30+1,107.50+1,753.65+579.45+596.80+557.00=$5,296.70.

| | |
|---|---|
| **ADDITIONAL AMOUNTS OWED:** | **$223,825.91** |
| **STATUTORY PENALTIES:** | **$113,982.35** |

Attorney Fee award:

| | |
|---|---|
| Additional damage award $223,825.91 X 33 1/3%[5] | $ 74,601.18 |
| Late payment $4,138.78 X 33 1/3% | $ 1,379.46 |
| Penalty   $113,982.35 X 33 1/3% | $37,990.32 |

| | |
|---|---|
| **TOTAL ATTORNEY FEE AWARD** | **$113,970.96** |
| **COSTS**    $ 56,353.49 – $5,960.55 | **$ 50,392.94** |
| **TOTAL AWARD** | **$502,172.16** |

**THUS DONE AND SIGNED** in Chambers on this 2nd day of September, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[5] 33 1/3% was used as .3333.