UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **SUGARTOWN UNITED PENTECOSTAL CHURCH INC** | **CASE NO. 2:21-CV-01672** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CHURCH MUTUAL INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion for New Trial/Motion for Judgment as a Matter of Law" (Doc. 116) wherein, Defendant Church Mutual Insurance Company ("Church Mutual") requests that the Court (1) grant a new trial pursuant to Federal Rule of Civil Procedure 59(e), and/or (2) enter judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50.

## INTRODUCTION

This lawsuit involved a breach of contract and breach of the duties set forth in Louisiana Revised Statute 22:1892 and 22:1973. Plaintiff alleges that Defendant failed to properly and timely pay for covered damages caused by Hurricanes Laura and Delta. A trial by jury was held from August 8, 2022 through August 11, 2022. The jury unanimously reached a verdict in favor of Plaintiff, Sugartown United Pentecostal Church, and against Defendant, Church Mutual. The jury found that Church Mutual failed to timely pay the initial payment of $4,138.78 and the additional payment of $223,825.91 within thirty days of satisfactory proof of loss and that such failure to timely pay was arbitrary, capricious and without probable cause.

## LAW AND ANALYSIS

Church Mutual argues that a new trial should be granted because the Court erred (1) by permitting counsel for Plaintiff to call Ryan Daigle, as a rebuttal witness, (2) allowing Plaintiff to use its demonstrative aid that labeled items as "rules," or (3) allowed counsel for Plaintiff to break the Golder Rule and use irrelevant, inadmissible testimony.

The Federal Rules of Civil Procedure allow for the granting of new trials and for entry of judgment as a matter of law. Fed. R. Civ. Pro. 59(a)(1)(A) provides that a court may, on motion, grant a new trial on all or some of the issues, for any reason for which a new trial has heretofore been granted in an action at law in Federal Court. Additionally, under Fed. R. Civ. Pro. 50(a)(1), when the Court finds a reasonable jury did not have a legally sufficient evidentiary basis to find for the party on an issue, the Court may resolve the issue against the party and grant a motion for judgment as a matter of law against the party.

The trial court may set aside a jury verdict which is against the great weight and preponderance of the evidence. *Davis v. Dow Chem.*, 119 F.3d 1 at *3 (5th Cir. 1997). In considering judgment as a matter of law, the Fifth Circuit has found if the evidence at trial points so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion, the Court will conclude the motion should be granted. *Omnitech Int'l, Inc. v. Clorox Co.*, 11 F.3d 1316, 1323 (5th Cir. 1994).

"The decision to grant or deny a motion for a new trial is generally within the sound discretion of the trial court, and reversible only for an abuse of that discretion." *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982). This is because "[w]hen the trial

judge has refused to disturb a jury verdict, all the factors that govern our review of his decision favor affirmance. Deference to the trial judge, who has had an opportunity to observe the witnesses and to consider the evidence in the context of a living trial rather than upon a cold record, operates in harmony with deference to the jury's determination of the weight of the evidence and the constitutional allocation to the jury of questions of fact." *Id*.

It is well settled that a "jury's finding of fact in the absence of 'manifest error' or unless it is 'clearly wrong', and where there is conflict in the testimony, reasonable evaluations of credibility, and reasonable inferences of fact should not be disturbed upon review . . ." *Rosell v. ESCO*, 549 So.2d 840, 844 (La. 1989).

*Rebuttal witness*

Church Mutual argues that the trial Court erred by permitting Ryan Daigle to testify as a rebuttal witness in response to the testimony of Guy Gonzalez. Mr. Daigle was called to testify about the Church's HVAC system. Church Mutual objected because Mr. Daigle was not identified in Plaintiff's Pretrial Statement Witness List, but the Court overruled the objection. The Court determined that Mr. Daigle's testimony should be allowed because Mr. Gonzalez's trial testimony included testimony that was either inconsistent with his deposition testimony and/or was not included in his deposition testimony.

For instance, in his deposition testimony, Mr. Gonzalez referred to moisture in the attic, but testified at trial that the HVAC was raining in the building,[1] which indicated that

---

[1] Tr. Vol. III, p. 549:15.

the HVAC caused the water damage in the Church. Mr. Gonzales did not expressly state in his report, nor did he testify in his deposition that that the condition of the HVAC was "one of the worst leaking air conditioners,"[2] yet he testified to same at the trial.

Mr. Gonzalez's deposition testimony as to the areas of moisture damage to certain areas of the Church (the fellowship hall and a classroom) was inconsistent with his trial testimony about the kitchen ceiling tiles.[3]

Finally, despite there "hundreds of photos" taken, and Mr. Gonzalez being noticed for a deposition, with a subpoena duces tecum, to produce all photographs, he produced only 67 out of 900 photos for his deposition. Mr. Gonzalez acknowledged that the remaining photos were produced 2 days prior to trial. At trial, Mr. Gonzalez expressed an opinion on the exterior HVAC unit and its condition (that it looked like it had been moved and/or was offset). Mr. Gonzalez testified that he believed that the exterior HVAC unit had been improperly set.[4]

Plaintiff maintains that Mr. Daigle's testimony was necessary to explain that he had replaced both the inside and outside HVAC and done preventative maintenance on them in the months between January 2020, and Hurricane Laura.

Church Mutual argues that Mr. Daigle's testimony should not have been allowed because Plaintiff was aware that Mr. Gonzalez would be testifying about the condition of the HVAC system. The Court disagrees. Mr. Gonzalez's trial testimony was inconsistent

---

[2] Tr. Vol. III, p. 545:4.
[3] Compare Tr. Vol. III, p. 549 to Gonzalez deposition testimony, p. 104, 116:25-117:12 (Plaintiff's exhibit 1).
[4] Tr. Vol. III, pp. 588-589.

with his deposition testimony and included testimony not made in his deposition, nor in his reports. The Courts finds no error here.

*Demonstrative aid*

Next, Church Mutual assigns as error, Plaintiff's use of certain demonstrative aids in its opening statements, with certain witnesses, and in closing statements. Church Mutual objected to Plaintiff's use of the word "rules" and argues that this term was equivalent to laws. The Court overruled Church Mutual's objection. Church Mutual argues that Plaintiff's use of the demonstrative aid of rules was improper because it manipulated the jury into believing that the demonstrative aid set forth the "law." Church Mutual informs the Court that the term "rules" was spoken 90 times and therefore it conditioned the jury to apply the "rules" as law.

Counsel for Plaintiff advises that it sent the demonstrative aids titled "Insurance Claims Rules & Standards" to Church Mutual prior to trial. Plaintiff notes that Defendant's experts, Louis Fey, Defendant's corporate representative, DeWade Wiggins, and Defendant's adjuster, Stephen Montano, all agreed that these Rules & Standards governed the insurance industry and used to adjusts claims. Plaintiff reiterates that the demonstrative aid was titled as "Insurance Claims & Rules" and was never submitted as an exhibit.

As noted by Plaintiff, to avoid any confusion as to these rules and standards, Plaintiff's counsel questioned Mr. Fey regarding same, and Mr. Fey clearly testified that the Insurance Claims Rules & Standards were industry standards.[5] The Court find that

---

[5] Tr. Vol. IV, p. 635.

Church Mutual's arguments that the jury would interpret the Rules & Standards as laws, is without merit.

*Golden Rule*

Church Mutual maintains that the Court erred by allowing Plaintiff to make "Golden Rule" testimony, and to use irrelevant, inadmissible testimony. Church Mutual complains that counsel for Plaintiff elicited testimony from witness Philip Spotts who testified that he had nine (9) kids. Counsel for Plaintiff's colloquy with Mr. Spotts generally advanced the idea that when kids (referring specifically to Church Mutual and/or insurers) break the rules, "there is a breakdown in the entire system."[6] Church Mutual argues that this testimony made the issues in the litigation personal to the jurors. Thus, Church Mutual maintains that Plaintiff's opening statements and Mr. Spotts' testimony violated the Golden Rule and improperly influenced and manipulated the jurors.

Counsel for Plaintiff notes that Church Mutual failed to object to Mr. Spotts' testimony, therefore waiving it, and in addition, Defendant's expert, Louis Fey also testified that insurance companies should honor their promises.

The Court finds that Plaintiff did not violate the Golden Rule as suggested by Church Mutual, and thus there was no error here.

*Judgment as a matter of law*

Alternatively, Church Mutual requests that the Court vacate the award of bad faith penalties, attorney fees, and costs because the jury's verdict is contrary to the law. Church

---

[6] Tr. Vol. III, p. 495.

Mutual maintains that the jury's verdict, which found it to be in bad faith is not supported by the evidence at trial, and therefore should be vacated. Church Mutual asserts that the evidence submitted at trial proved that it took actions immediately to adjust the claim, and its payment was timely. The jury found otherwise.

As to the $4,138.78 payment made by Church Mutual on November 16, 2020, Plaintiff presented evidence that satisfactory proof of loss for this particular payment was received by Church Mutual on September 25, 2020.[7] The jury concluded that the November 16, 2020 payment was well beyond the 30-day period in which Church Mutual was obligated to make payment after satisfactory proof of loss was made. The Court finds no error here.

In May 25, 2021, Plaintiff submitted a cost estimate from Elite Claims of further damage in the amount of $263,582.69 and a moisture analysis report from All Points Environmental showing where all of the moisture coming from Hurricane Laura was present in the Church.[8] It was within the jury's purview to determine when satisfactory loss was submitted to Church Mutual, and if Church Mutual's non-payment was arbitrary, capricious, and/or without probable.

A judgment as a matter of law is reviewed *de novo*, meaning that '[t]he evidence, along with all reasonable inferences which can be drawn therefrom is considered in the lights most favorable to the jury verdict." *Davis*, 119 F.3d at *3. A judgment as a matter

---

[7] Tr. Vol. I, pp. 143-144, 149.
[8] Plaintiff's Trial exhibit 7.

of law should not be granted unless the facts and inferences point so strongly and overwhelmingly against the verdict that reasonable persons could not disagree." *Id*.

The Louisiana Supreme Court has found that whether or not an insurer's actions were arbitrary, capricious, or without probable cause "is essentially a fact issue to be determined by the trial court and not to be disturbed on appeal absent manifest error." *Louisiana Bag Co. v. Audubon lndem. Co.*, 999 So. 2d at 1120 (La. 12/2/08).

The Court finds that the jury's determination that Church Mutual's handling of the claim was arbitrary, capricious, or without cause is supported by the evidence and there is no manifest error.

## **CONCLUSION**

The jury heard and observed the same evidence Church Mutual refers to this Court. The jury observed and heard both sides of the story, both of which was properly supported by evidence. The Court does not find any manifest error in the jury's verdict; it was supported by the evidence presented at trial. The Court will not disturb the jury's findings. Consequently, the Court will deny Church Mutual's Motion for New Trial and for Judgment as a matter of law.

**THUS DONE AND SIGNED** in Chambers on this 13th day of January, 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**