UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **SUGARTOWN UNITED PENTECOSTAL CHURCH INC** | **CASE NO.  2:21-CV-01672** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CHURCH MUTUAL INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Plaintiff's Motion for Award of Appellate Attorney's Fees and Non Taxable Expenses" (Doc. 147) filed by Plaintiff, Sugartown United Pentecostal Church, Inc. ("Sugartown"). Church Mutual opposes the Motion.

## INTRODUCTION

This lawsuit was tried by a jury, which found that Defendant, Church Mutual Insurance Company ("Church Mutual") untimely paid Plaintiff, Sugartown United Pentecostal Church, Inc. ("Sugartown") $4,138.78 in losses caused by Hurricane Laura on August 27, 2020.  The jury also found that Church Mutual owed Sugartown an additional $223,825.91 and that Church Mutual acted arbitrarily, capriciously, or without probable cause.  The undersigned set the penalties and attorneys fees in accordance with Louisiana Revised Statute 22:1982.

Church Mutual appealed the Court's rulings and the jury's findings to the Fifth Circuit.  The Fifth Circuit affirmed the Court's rulings and the jury's findings, specifically finding no reversible error. See *Sugartown United Pentecostal Church, Inc. v. Church Mutual Ins. Co.*, 2024 WL 262947 at *1 (5th Cir. Jan. 5, 2024).  On January 19, 2024,

Sugartown filed a Motion for Award of Appellate Fees and Non Taxable Expenses with the Fifth Circuit pursuant to Federal Rule of Civil Procedure 54(d)(2)(B). The Fifth Circuit remanded the case to the undersigned solely for consideration and determination of Sugartown's attorney fees and expenses. On February 1, 2024, Sugartown filed a Motion for Attorney Fees and Expenses in this Court seeking $59,969.00 of attorney fees plus $1,117.16 for non-taxable expenses for the appellate litigation.[1]

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 54 allows for the entry of attorney's fees and non-taxable expenses when filed within 14 days after the entry of the judgment. See Federal Rule of Civil Procedure 54(d)(2). The Fifth Circuit has consistently held that determinations of appellate attorney's fees cannot begin until the appeal is concluded. See *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 432 (5th Cir. 2003) ("The issue of appellate attorney's fees is a matter for the district court following the resolution of an appeal. Now that we have ruled in favor of *Instone* the matter is ripe for adjudication."); *Penton v. Am. Bankers Ins. Co. of Fla.*, 115 Fed.App'x. 685, 687 (5th Cir. 2004) ("The issue of appellate attorney's fees is a matter for the district court on remand following the resolution of the underlying appeal"); see also *Hill v. Washburne*, 953 F.3d 296, 311 (5th Cir. 2020).

Church Mutual argues that Sugartown's motion is untimely, and that Sugartown waived its request for additional fees and expenses. Church Mutual also argues that

---

[1] The non-taxable expenses include out of pocket expenses such as necessary mailing fees for copies of appellee's brief, hotel for appellee's counsel in New Orleans, and other travel-related expenses. Doc. 147.

Sugartown is not entitled to fees and expenses because there was no bad faith in taking an appeal. Alternatively, Church Mutual argues that Sugartown's fees and expenses are not supported and are excessive.

*Untimeliness and waiver*

Sugartown filed its motion for appellate attorney fees and expenses within 14 days of the Fifth Circuit's final adjudication of the appeal. Thus, Sugartown contends that its appeal was timely. Church Mutual relies on Rule 54(d)(2)(B) to argue that the motion for attorney fees and expenses should have been filed within 14 days of this Court's final judgment entered September 2, 2022, as opposed to within 14 days of the appellate court's final adjudication.

Church Mutual argues that Sugartown waived its entitlement to appellate attorney fees and expenses when it did not file the motion here within 14 days of this Court's Judgment. Church Mutual relies on several cases that found that a failure to file a Rule 54 motion within the fourteen-day period "serves as a waiver" of its claim for fees and/or was untimely. See *United Indus. v. Simon-Hartley Ltd.*, 91 F.3d 762, 765-66 (5th Cir. 1996); *Luv N' Care, Ltd. v. Rimar*, 2016 WL 4581346, at *2 (W.D. La. Sept. 2, 2016); *Raburn v. Wiener, Weiss & Madison*, 2019 WL 6696420, at *8 (M.D. La. Dec. 9, 2019); *Roberts v. Brinkerhoff Insp. Inc.*, 855 F.App'x 222 (5th Cir. 2021).

As noted in *Roberts v. Brinkerhoff Insp. Inc.*, there are two ways to seek an award of appellate fees. First, directly under Rule 54 of the Federal Rules of Civil Procedure, and second, under Fifth Circuit Local Rule 47.8, which allows the prevailing party to move or petition the court to remand the issue of appellate attorney's fees for the district court to

consider, following the resolution of the underlying appeal. *9503 Middlex, Inc. v. Continental Motors, Inc.*, 834 Fed. Appx. 865, 875 (5th Cir. Nov. 2, 2020). Fifth Circuit Rule 47.8 states in relevant part that, "[p]etitions or motions for the award of attorney's fees should always be supported by contemporaneous time records recording all work for which a fee is claimed and reflecting the hours or fractional hours of work done and the specific professional level of services performed by each lawyer seeking compensation." Sugartown contends that if it was supposed to file the motion for attorney's fees prospectively, it would render the wording of Rule 47.8 meaningless, because it would be impossible to submit contemporaneous time records. Here, Sugartown sought relief with the Fifth Circuit, which remanded the issue to this Court. The Court finds that Sugartown's motion is timely, and there was no waiver.

*Bad faith*

Next, Church Mutual argues that the jury finally adjudicated Sugartown's claim for fees at the trial level, therefore Sugartown is not entitled to an additional award of penalties under Louisiana Revised Statute 22;1892 for Church Mutual's conduct in taking the appeal. It appears that Church Mutual posits that the appellate court must have made a finding of bad faith by Church Mutual for appealing this Court's final judgment. Or, in other words, Sugartown's recourse was to file a Motion for Frivolous Appeal in the Court of Appeals, which it did not do.

Sugartown contends that it specifically prayed for "attorney's fees and costs" and "for all such other further relief as this Court may deem just and proper."[2] Here, the jury found that bad faith penalties were appropriate at the trial level, and Church Mutual chose to appeal that finding. Church Mutual remarks that there was no ruling by the Court of Appeals that Church Mutual was unreasonable in taking the appeal. However, the Court of Appeal remanded the issue of appellate attorney fees to this Court, which necessarily requires this Court to determine if appellate attorney fees are warranted. Based on the jury's findings, and this Court's review of this case, the Court finds that Sugartown properly prayed for and pled its claim for attorney fees and expenses and is entitled to an award of same.

*Excessive*

Finally, Church Mutual argues that Sugartown's claim for appellate attorney fees was excessive. Church Mutual complains that the attorney fees were asserted based on the contingency fee contract between Sugartown and its attorneys, and therefore Sugartown is not entitled to an hourly fee for the appellate litigation. Church Mutual also complains that Sugartown's appellate litigation involved two law firms with excessively high hourly rates.

Due to the complexity of the litigation, it appears that Sugartown's trial counsel hired an attorney with more skill and knowledge at the appellate level to handle the complex and novel arguments raised by Church Mutual on appeal. Sugartown remarks that this was the first Hurricane Laura/Delta case to reach the appellate court and that the

---

[2] Doc. 1, § IX.

Fifth Circuit's ruling would have ramifications for the numerous other Hurricane cases that will proceed to trial and then likely be appealed. Additionally, Church Mutual raised eight (8) different issues on appeal, each of which had to be addressed and argued.

As to the hourly rate, Sugartown has provided cases to support its $450-$550 hourly rate. See *Oreck Direct, LLC v. Dyson, Inc.*, 2009 WL 961276, at *6 (E.D.La. Apr. 7, 2009) ("The Court is familiar with the local legal market and notes that the top rate for partner-level attorneys here is between $400 and $450 per hour); see also *In re OCA, Inc., Sec. & Derivative Litig.*, 2009 WL 512081, at *25 (finding rates of $400-$450 / hour to be reasonable for partner-level attorneys); see also *Cajun Services Unlimited, LLC v. Benton Energy Service Co.*, 2021 WL 5833967, at *4-*5 (E.D.La. Dec. 9, 2021) (finding a partner level's rate of $450/hour to be reasonable, specifically on appeal, and finding specifically "[a]s reflected by the time entries, each attorney contributed to Cajun's successful defense of the appeal . . . Hence the Court finds that the requested hourly rates of Cajun's attorneys who worked on the appeal are reasonable and recoverable." Id. at *5.).

Church Mutual complains that Sugartown was "block billing." The Court has reviewed Sugartown's billing statements and finds that it has not "block billed" but has properly supported it claim for appellate attorney fees with sufficient billing detail.[3] Sugartown has also submitted receipts to support its claimed expenses.[4]

---

[3] Plaintiff's exhibits A and B. Doc. 147-3; 147-4.
[4] Plaintiff's exhibit E.

## CONCLUSION

For the reasons explained herein, Plaintiff's Motion for Award of Appellate Attorney's Fees and on Taxable Expenses" (Doc. 147) will be **GRANTED** in favor of Sugartown United Pentecostal Church, Inc. for an award of $61,086.16 (attorney's fees plus costs) and against Church Mutual Insurance Company.

**THUS DONE AND SIGNED** in Chambers on this 3rd day of April, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**